### Clepper v. The State.

---

### [242] CLEPPER v. THE STATE.

That part of the Constitution which gives original jurisdiction in criminal cases to the District Courts does not restrain the Legislature from giving concurrent jurisdiction to justices of the peace.

Where two courts have concurrent jurisdiction, the one which takes the first step is entitled to go on to judgment.

The word "information" in 8th section of the bill of rights implies no particular form; it requires nothing more than that the accused shall be informed therein of the nature of the offense of which he is charged; and this requisition is fully answered by the warrant on which he is brought before the justice for trial.

The plea of a former conviction before a justice of the peace is a bar to an indictment for the same offense in the District Court in cases where a justice has jurisdiction finally to try.

It is a rule in civil cases, and we see no reason why it should not be extended to criminal cases, that where a plea is pronounced bad on demurrer, the defendant is allowed to plead over.

Appeal from Walker. The indictment in this case contained two counts, the first for an assault with a deadly weapon, with an intent to commit murder, and the second for an assault and battery.

The defendant to the first count pleaded not guilty. To the second he pleaded a former conviction and judgment for the same offense before a justice of the peace, and satisfaction of that judgment.

To the second plea the district attorney filed a demurrer, which was sustained by the court, and the defendant asked leave to plead over, but was refused permission to do so. A jury was impaneled to try the issue on the first count and to assess the fine on the second. The jury returned a verdict of not guilty on the first count, and assessed the fine at $25 on the second count, for which judgment was awarded. The defendant appealed.

## Clepper v. The State.

The errors assigned, 1st. That the court erred in sustaining the demurrer to the plea to the second count. 2d. The court erred in refusing to permit the defendant to plead over after sustaining the demurrer to his plea of a former conviction.

[**243**] *J. B. Jones*, for appellant. The demurrer was sustained on the ground that the statute giving jurisdiction to justices of the peace is unconstitutional, in the opinion of the judge below, conflicting with the 8th section of the bill of rights, and the 10th section of the 4th article, as expounded by the court in Aulanier *v.* The State.

Appellant suggests that the provisions of the 8th section of the bill of rights were introduced for the protection of the citizen, and it is for him to invoke their aid; that the passage of the act giving jurisdiction to justices of the peace was the act of the State; his conviction under it, before the justice, was at the instance of the State; and the fine has gone to the benefit of the State. Would it not be a worse evil than those provided against for the State now to repudiate her own act, merely for the purpose of collecting another fine from him for the same offense. The grant of this jurisdiction is expressly recognized by the Constitution. (Art. 4, sec. 17.)

Whatever may be the ruling of this court upon the constitutional question presented by the demurrer to the plea, they cannot affirm the ruling of the court in refusing the defendant the privilege of pleading over. There may be some dicta found in the old English black-letter law to support the decision of the court below, but even in that age the court had a discretion to allow or not. But the time has long since passed when a man could be deprived of his life, liberty, or property by the State in a public prosecution merely because he happens to mistake some one of the technical rules of common-law pleading.

Lipscomb, J. This case having been submitted by the appellant when it was reached on the docket, and at that time there being no person authorized to represent the State, we have to dispose of it without the assistance of either argument or brief on the side of the State, and consequently are not apprised of the ground on which the court below rested its decision. It is presumed, however, from the appellant's brief [**244**] that the court believed that the act of the Legislature giving jurisdiction to justices of the peace in cases of this kind was repugnant to the Constitution of the State. We will proceed, then, to investigate that question.

The last paragraph of the 8th section of the bill of rights is as follows: "And no person shall be holden to answer for any criminal charge but on indictment or on information, except in cases arising in the land or naval forces, or offenses against the laws regulating the militia." The first part of the 10th section of the judicial department is as follows: "The District Court shall have original jurisdiction of all criminal cases," &c. And the 17th section is as follows: "Justices of the peace shall have such civil and criminal jurisdiction as shall be provided for by law." The 5th section of the act of the Legislature to organize Justice's Courts and define the powers and jurisdiction of the same is in the following words: "That any justice of the peace shall by warrant under his hand cause any person or persons charged on oath, or which may come to his knowledge by view or confession, of having been guilty of breach of the peace, assault and battery, assaults, riots, and affrays, to be brought before him for trial, and if found guilty, shall proceed to collect such fine as may be assessed, not exceeding fifty dollars; and on payment of such fine as may be assessed, the justice receiving the same shall certify the fact to the next term of the District Court to be held in the county where the offense was committed, which certificate shall be a bar to further prosecution for the same offense." (Acts First Legislature, p. 300.)

There is nothing in the jurisdiction here given to a justice of the peace, nor in the mode in which it is to be exercised, believed to be repugnant to the 8th section of the bill of rights. The terms used therein, of "indictment or in-

## Clepper v. The State.

formation," were not intended to be synonymous or convertible words. A distinct meaning was attached to each, and an offender could be tried either by indictment or on information. If by the former, [**245**] it must necessarily require that the indictment should be found by a grand jury; if by the latter, the grand jury would have nothing to do with it. And as it was thought by many that a grand jury formed a useless if not an objectionable appendage to a criminal court, the section was so framed that it would be left to legislative wisdom to determine in what cases it could be dispensed with, or to abolish the institution entirely. The word information implies no particular form; it requires nothing more than that the accused shall be informed therein of the nature of the offense of which he is charged, and put on his trial; and this requisition is fully answered by the warrant on which he is brought before the justice for trial.

Nor is there any repugnancy perceived in the 10th and 17th sections of the judicial department. The 10th section says that the District Court shall have *original jurisdiction* in criminal cases, not *exclusive original jurisdiction*. The 17th section says that justices of the peace shall have such civil and criminal jurisdiction as shall be provided *for by law*. It only puts it in the power of the Legislature to give a concurrent jurisdiction to a justice of the peace. The concurrent jurisdiction is no anomaly in jurisprudence; it is often presented both in civil and criminal cases, and is believed to prevail to some extent in most of the States; nor can any embarrassment result from there being two concurrent jurisdictions, as it would be settled by a well-known rule of law that in such cases the jurisdiction that was first called into exercise would have the right to go on to judgment. But if our system stood alone in this respect, and it was not known before to the jurisprudence of any country that there should be two tribunals of concurrent jurisdiction, who can doubt the power of the convention to call such concurrent jurisdiction into existence? That it was intended by the framers of the Constitution that justices should have and exercise this jurisdiction cannot be doubted. We find it again referred to in the 19th section of the judicial department, and provision is made: "In all cases where justices of the peace or other [**246**] judicial officers of inferior tribunals shall have jurisdiction in the trial of causes where the penalty of the violation of a law is fine or imprisonment, (except in cases of contempt,) the accused shall have the right of trial by jury." If there was any seeming repugnancy in the Constitution, it would be our duty so to construe it as to reconcile, if possible, and give effect to each clause; but in the case before us no such difficulty is presented. It was the object of its framers that the District Court should be released by the Justices' Court from the trouble of trying many of those petty offenses that but too often take up the time of the District Court to the exclusion of much more important matter, and that intention is sufficiently made manifest in the several provisions on this subject.

We believe the act of the Legislature is free from any constitutional objection, and that the plea of a former conviction was well pleaded, and interposed a bar to the second count in the indictment.

On the other ground it is believed to be a rule in civil cases that where the defendant pleads a bad plea, and it is so judged to be bad on demurrer, he is allowed to plead over. We see no reason why the same rule shall not be extended to a defendant in an indictment.

The judgment is reversed, and the prosecution is ordered to be dismissed, as the plea of a former conviction was pleaded with a profert of the certificate of the justice who first tried the offense as required by law.

Ordered accordingly.

WHEELER, J. At the period of the adoption of the Constitution of this State the common law of England, in respect to crimes and criminal proceedings, was the law of the land, except so far as it may have been changed by statute. (Const. Rep., art. 4, sec. 13.) By that law an *information* had a

123

meaning as certain and definite as an *indictment.* The former differs from the latter principle in this: that an indictment [**247**] is an accusation found by the oath of twelve men; whereas an information is only the allegation of the officer who exhibits it. (2 Tom. L. D.) "There can be no doubt (says Blackstone) but that this mode of prosecution by information or suggestion filed on record by the king's attorney general or by his coroner or master of the crown office in the Court of King's Bench is as ancient as the common law itself." (4 Bl. Com., 309.) I do not entertain a doubt that when the convention employed the word "*information*" as descriptive of a mode of instituting a criminal prosecution, they employed it in the sense in which it was known and used in the then existing law. And I apprehend they no more thought of conferring upon the Legislature the power to change its signification or use than that of an indictment. Nor do I suppose that the idea of dispensing with the institution of a grand jury ever entered into the conception of the convention any more than that of the trial by jury, which they clothed with the solemn guaranties of the paramount law. They contemplated, I think, no such innovation upon the body of the common law then in force. Nor do I suppose it was the purpose of the Legislature to make such an innovation.

Yet I am not prepared to say that it was not within the power of the Legislature to invest justices of the peace with the jurisdiction conferred by the statute under which the justice acted in this case. And I would not declare the law unconstitutional unless in my opinion it was clearly so. I do not, however, consider the question so entirely free from difficulty. But as it is now decided, I do not propose to enter upon its discussion.