## G. H. G. May v. P. Taylor, Adm'r, &c.

It is error, on motion, to strike out a plea of payment, pleaded in general terms, without dates or circumstances showing the manner of payment: it should be excepted to for such causes.

A motion to strike out is more appropriate, when the plea may be treated as a nullity, or is wanting in some essential requisite, as an affidavit, when that is necessary to its validity.

It is error to decree the foreclosure of a mortgage, in an action upon a note thus secured, where the mortgage is made a part of the petition, with a prayer of foreclosure, if the plea put in issue its existence; unless there be a finding of the jury in relation to the mortgage.

APPEAL from Gonzales. Tried below before the Hon. Fielding Jones.

This action was brought in the court below, by the appellee, against the appellant, upon a promissory note, given by appellant for a tract of land, purchased by him at an administrator's sale. The note was secured by mortgage upon the land sold. The petition, besides claiming a judgment upon the note, alleged the fact that it was secured by mortgage, which was set out and made a part of the petition, with a prayer of foreclosure. Among other matters, answered by defendant, was the following: "and further answering, defendant pleads "that there should be credit on said note, of money paid by

"him to petitioner, to wit, five hundred dollars; which sum "defendant pleads in off-set against said note." On motion of plaintiff, this plea was stricken out; and the ruling of the court was excepted to by defendant. The cause being thus submitted to the jury, the court charged the jury as follows: "In this case, gentlemen, you should find for the plaintiff the "amount of the note sued on." The jury returned the following verdict: "we the jury find for the plaintiff, the amount of the note sued on." Upon this verdict, the court entered up judgment against the defendant for the amount of the note, with interest, and a decree of foreclosure of the mortgage, and a sale of the mortgaged premises. And from this judgment and decree the appellant took his appeal to this court.

*H. S. Parker*, for appellant.

*T. M. Harwood*, for appellee.

ROBERTS, J. There are two grounds of error, well assigned, in this case, to wit, striking out the plea of payment, and rendering judgment on the mortgage.

The plea of payment is general, without specification of time and place, with certainty, and would have been subject to a special exception, regularly filed. A motion to strike out would be more appropriate, when the plea may be treated as a nullity, or when it is wanting in some essential requisite, as an affidavit, when that is necessary to its validity. A defence, defectively set forth, should be excepted to specially. It is presumed, that the court would not have stricken out this plea, had attention been called to it.

The court instructed the jury to find for the plaintiff the amount of the note and interest, and their verdict was in exact conformity to the charge. The judgment was rendered, not only upon the note, but also upon the mortgage, concerning which there was no finding in the verdict. The province of the verdict, is, to declare the facts upon which the judgment is

to be predicated. The existence of the mortgage, as well as the note, was put in issue, and the entire omission of a finding upon the mortgage, is fatal to the judgment, so far as it relates to the mortgage. (Patterson v. The United States, 2 Wheat. Rep. 221.)

There are other questions in the case in relation to the pleading, making parties, &c.; but as the pleading may be reformed and amended, and other parties regularly brought in, they need not be referred to further. Judgment will be reversed, and the cause remanded.

Reversed and remanded.