## JOHN BROWN V. HIRAM HORLESS.

Where suit was brought upon a note, alleged to have been given for a tract of land, described in a deed to be offered in evidence upon the trial, and defendant pleaded offsets; a verdict having been returned for the plaintiff, for " the " amount of the note, less the credits, and that the note was executed for the " land set out in plaintiff's petition;" the court gave judgment that the note sued on was given for the land described in the plaintiff's petition, and that an order of sale issue for the following described tract of land in satisfaction of this judgment, (describing a tract of land by metes and bounds:) *Held,* that the judgment not being for any amount, must be reversed; and that, although by a liberal construction, a judgment might be given by the Supreme Court for the amount of the note, less the offsets, which was probably meant by the jury, yet, as the verdict was for the land set out in the petition, when none was set out, this court could not properly render a judgment, ordering the land to be sold.

ERROR from Lavaca. Tried below before the Hon. Fielding Jones.

Suit by defendant in error, upon a promissory note, alleged to have been given in payment of a tract of land, containing 262 acres, situate in Lavaca county, for a more particular description of the metes and bounds of which, reference was made by the petition, to a deed executed by the payee of the note to the defendant, on the 20th of October, 1856, which deed, or a certified copy, petitioner alleged would be offered in evidence, upon the trial of the cause. The defendant pleaded a general denial, and several of the plaintiff's notes as offsets.

The jury returned the following verdict, to wit : "We, the "jury, find for the plaintiff the amount of the note, less the " credits, and that the note was executed for the land set out in "plaintiff's petition." Upon which the court gave the following judgment : "It is therefore ordered, adjudged, and decreed "by the court, that the note sued on was the consideration for "a certain tract of land described in plaintiff's petition. It is "therefore considered by the court, that an order of sale issue, " commanding the sheriff of Lavaca county to advertise and sell "the following described tract of land, in satisfaction of this "judgment, and costs, to wit : All that tract or parcel of land "situate, lying and being in the county of Lavaca, and on the "waters of Brushy creek, and bounded as follows, viz : " [here followed the metes and bounds of the land,] "containing two hun- "dred and sixty two acres. And it is further ordered and "decreed, that if the said land does not sell for an amount suffi- "cient to satisfy this judgment, and costs, then execution may "issue for the residue."

There was no statement of facts ; but there was in the record a copy of a deed, from the records of the county clerk of Lavaca county, (with notice to defendant's counsel, of the filing of said copy,) which corresponded with the deed described in the petition, and was for the land described by metes and bounds in the judgment. There was nothing in the record, showing any credits upon the note sued on.

*R. M. Tevis*, for plaintiff in error.

*S. S. Munger*, for defendant in error.

ROBERTS, J. There being no judgment for any amount, it must be reversed; and although the verdict, by a liberal construction, might be held to authorize a judgment here for the amount of the note, less the offsets, which was probably meant by the jury, still the verdict is defective in another respect. The jury find "that the note was executed for the land set out in the plaintiff's petition." The land is not, in fact, set out in the petition; but is identified by reference to a deed " which will be offered in evidence." As the case now stands, we cannot properly render a judgment ordering the land to be sold in payment of the debt, as there are no allegations in the pleading, describing it.

The judgment is reversed, and the cause remanded.

Reversed and remanded.