PEET, YALE & BOWLING V. HEREFORD BROS. ET AL.

(No. 1114, Op. Book No. 2, p. 8.)

APPEAL from Dallas County. Opinion by WALKER, R. S., P. J.

§ 869. *Statement of facts; authentication of.* A paper in the record signed by counsel for but one of the parties, and marked "approved" and signed by the judge, cannot be considered as a statement of facts. To be taken as a statement of facts, it must appear to have been agreed to by the parties or their counsel, or certified to by the judge. [Renn v. Samos, 42 Tex. 104.]

§ 870. *Statement of facts; presumption in absence of.* In the absence of a statement of facts, the judgment will ordinarily be maintained upon the presumption that the same was supported by the testimony. [St. Clair v. McGehee, 22 Tex. 5; Cochran v. Kellum, 4 Tex. 121; Luckett v. Townsend, 3 Tex. 128.]

§ 871. *Judgment; must conform to pleadings.* The judgment must conform to the pleadings in the case. "It is not competent for the court to render a decree in favor of a party, if in the pleadings there be no basis or prayer for such relief" [McKey v. Welch, 22 Tex. 390]; and "where the verdict and judgment is for a greater amount than is claimed in the petition, the judgment will be reversed, unless the excess is released." [Gay v. Raines, 21 Tex. 460.] Facts not alleged cannot constitute the basis of a judgment. [Jackson v. Hall, 3 Tex. 305; Jackson v. The State, 21 Tex. 668; Claiborne v. Tanner, 18 Tex. 68; Bledsoe v. Wills, 22 Tex. 650; May v. Taylor, 22 Tex. 348; Morrison v. Van Bibber, 25 Tex. Sup. 153; Porchelor v. Bronson, 50 Tex. 555.]

§ 872. *Cross-action; set-off; construction of pleading.* A defendant in respect to a cross action or set-off against the plaintiff becomes the actor, and by a familiar principle of pleading is required to set forth his claim with the same certainty and precision as is required of a plaint-

iff in setting forth his cause of action. And the pleadings of a party will be construed most strongly against himself.

**§ 873. Set-off; requisites of plea.** A plea in set-off must describe the debt with the same certainty as in a petition on a like demand [Sayles' Pl. 136], and in every such plea the party pleading it must describe in his plea, or by an account, distinctly, the nature of the set-off and the several items thereof. Otherwise, proof under such plea of set-off will not be allowed. [Pas. Dig. art. 3444; R. S. art. 646.]

**§ 874. Judgment which does not conform to pleadings.** A judgment which does not conform to the pleadings in the case will be reversed. [Storey v. Nichols, 22 Tex. 87: Pinchain v. Collard, 13 Tex. 336; Lynch v. Elkes, 21 Tex. 229; Menard v. Sydnor, 29 Tex. 257.]

**§ 875. Judgment must be authorized by pleadings.** The failure of a party to except to the pleadings of his adversary will not authorize a judgment upon petition or answer which discloses no cause of action or ground of defense, though its verity be admitted or proved. "It would be as repugnant to the sense of justice to permit an illegal or invalid defense to prevail against a legal and meritorious cause of action, merely because the plaintiff had omitted to except, as it would be to permit a recovery to stand for the same cause when the foundation for the action had manifestly failed." [Patterson v. Goodrich, 3 Tex. 335; Barton v. Houston, 2 Tex. 594.]

May 6, 1880.                    Reversed and remanded.