ADAMS & WICKES V. OWEN J. COOK.

(Case No. 3713.)

1. PARTIES — ACTION.— In a suit to recover a personal judgment for the construction of a house, and to enforce the builder's lien on the interest of the party in the land for whom it was constructed, it is proper to join as a defendant in the same suit any other party claiming an interest in the land, so as to adjust in one action the liens and equities of all parties.

2. JUDGMENT — BUILDER'S LIEN.— In such an action no judgment can be rendered enforcing a lien against parties defendant claiming an interest in the land, who were not parties to the building contract, and on whom no copy of the bill of particulars was served.

3. JUDGMENT — PRACTICE.— In a petition to enforce a builder's lien on fifty acres of land, it was described as that "surrounding and including the buildings." In the bill of particulars filed, it was described as "fifty acres fronting on Leon creek, in a square shape;" in the judgment enforcing a lien, it was described as "fifty acres of land surrounding the same (the building), and having a front of one hundred yards on the east bank of Leon creek, and running back between parallel lines for quantity." Held,

(1) That the judgment was not responsive to the verdict.

(2) The real issue between the builder and third parties claiming title to the land, who had been made defendants by him, being as to the existence of a lien as against them, and the verdict not being responsive to that issue, the judgment should be reversed on their appeal, though no personal judgment was rendered against them.

APPEAL from Bexar.   Tried below before the Hon. G. H. Noonan.

Suit brought January 20, 1877, by Cook against Stephen Gould and Adams & Wickes, to recover from Gould the sum of $699, a balance due for building a house on a tract of land situated in Bexar county, and claiming a builder's lien on the buildings constructed, and upon "fifty acres of land surrounding and including the same." Cook claimed to have taken all the steps required by law to secure his builder's lien, by having a bill of particulars and a description of the buildings and land recorded in the records of Bexar county, and a copy thereof furnished to said Gould within the time prescribed by the statute. No copy was furnished Adams & Wickes. Appellee's original petition further alleged that H. B. Adams and E. D. L. Wickes, who were doing a real estate business under the firm name of Adams & Wickes, had some sort of a claim on the land, which he believed to be a vendor's lien, and prayed that they be cited to answer and declare what claim, if any, they had upon the land; for judgment for $699, a foreclosure of the builder's lien, and an order of sale.

Gould did not appeal from the judgment of the court below, and a full statement of his branch of the case is not necessary.

On the 6th of February, 1877, Adams & Wickes filed their demurrer to the plaintiff's petition.

On the 5th of June, 1877, by amended petition, the plaintiff charged that, before he built the house for Gould, H. B. Adams sent for plaintiff and told him that Adams & Wickes had sold a piece of land to Gould, and that Gould was desirous of building a house thereon; that he recommended plaintiff to see Gould and undertake the job for him; that Gould was a man of large means and amply able to pay; that upon these representations he proceeded to construct the house. Plaintiff on the trial

testified that Adams "said something about Gould being a capitalist and wanted to invest."

On the 5th of November, 1877, Adams & Wickes demurred to the amended petition, and also filed a general denial. Both demurrers of Adams & Wickes being overruled by the court, they filed their answer, disavowing any knowledge of the transactions between plaintiff and the defendant Gould, and denying all liability on account thereof. They also alleged that in October, 1876, Gould expressed a desire to purchase five hundred acres of a tract of land belonging to them; that they, on their part, expressed a willingness to sell the land at $4 per acre, but that no agreement for the sale and purchase of the land was made; that if Gould took possession of any part of the land, he did so without having title or claim of title, and that if he caused any building or other improvement to be erected thereon, it was without their consent; that they had neither conveyed nor agreed to convey title to any land belonging to them, to Gould, and that they did not authorize Gould to contract or agree for them, or in any manner to charge their property with any lien or other incumbrance.

The verdict of the jury was for $699, with interest from January 1, 1877, against all the defendants. The court rendered a judgment that plaintiff recover from defendant Gould $746.50, foreclosing the builder's lien on the house and fifty acres of land surrounding the same, having a front of one hundred yards on the east bank of the Leon creek, and running back between parallel lines for quantity, and directing an order of sale to issue for the sale of the house and land, as under execution, in satisfaction of this judgment, with execution over against Gould for any balance remaining unpaid, and adjudging costs against all the defendants.

The defendants, Adams & Wickes, made a motion for a new trial, which was overruled; they gave notice of appeal, assigned errors, and brought the case up by appeal.

A portion of the charge was as follows:

"In the event that you believe from the evidence that said firm of Adams & Wickes, or any member of said firm, had knowledge of the building of the house by plaintiff for the defendant Gould, and that said firm, or either member of said firm, consented and approved of the building of said house by plaintiff on the land designated, and also that plaintiff built the house in good faith, under the impression that the land belonged to Gould, and was sold by Adams & Wickes to Gould, you will in such contingency find for the plaintiff against all of the defendants."

The plaintiff testified that Adams sent for him and told him that he had sold a tract of land on the Leon to a Mr. Gould; that Gould wanted a house built on the land, and for me (him) to go and see him; that Adams said something about Gould being a capitalist who wanted to invest.

E. D. L. Wickes testified that he showed the Navarro league on the Leon to old Mr. Gould; that afterwards young Gould came in and said they had concluded to take a portion of the land; that they agreed upon terms; that one-half of the purchase money was to be paid about the 1st of January, 1877, and the balance in one and two years; that no payment was made and no deed passed; that there was no agreement in writing; that the title remained in Adams & Wickes, and that nothing was done to divest their title. There was no particular land designated; the tract was to be subdivided, and then Gould was to make his selection. Gould was allowed the privilege of making some improvements. He was to pay $4 an acre for five hundred acres. Gould paid $100 as a forfeit. He has made no payment, and the $100 forfeit was afterwards allowed as rent for one year.

H. B. Adams testified that he told plaintiff that Gould wanted work done; to go and see him. Witness does not think he told plaintiff that they had sold land to Gould,

or where the house was to be built; knew nothing about contract between Gould and Cook, except that Cook told him he had made a contract.

Stephen Gould testified as to his agreement with Adams & Wickes; that it was for five hundred acres; that he paid $100 as a forfeit; first payment was to be made 1st of January, 1877; that afterwards they leased to him for one year, ending December 31, 1877, and that the $100 paid as a forfeit went for the year's rent. At the time of the agreement, Adams & Wickes could not tell him where the land was.

*Waelder & Upson*, for appellants.

BONNER, ASSOCIATE JUSTICE.— Gould, one of the defendants below, does not complain of the judgment, this appeal being prosecuted by the other two defendants, Adams & Wickes. So far as the petition of Cook, plaintiff below, sought a personal judgment against defendant Gould, and to enforce the builder's lien on his interest in the land, and to require that the other defendants, Adams & Wickes, should disclose their claim, so that the respective liens and equities of the parties could be adjusted, it set out a good cause of action; and to this extent the general demurrer of defendants Adams & Wickes was properly overruled.

The verdict of the jury was general and in these words: " We, the jury, find six hundred and ninety-nine ($699.00) dollars due the plaintiff, with interest from January 1, 1877, against all the defendants."

The judgment of the court upon this verdict was that plaintiff Cook recover of the defendant Gould $746.50, amount of the verdict, principal and interest; and as against all the defendants that the lien be enforced on the building and fifty acres of land surrounding the same, and having a front of one hundred yards on the east bank of Leon creek, and running back between parallel lines for quantity.

This judgment was not responsive to the verdict.

It may be conceded, for the purposes of this opinion, that Adams & Wickes could not complain that no personal judgment was rendered against them, although the verdict itself would have authorized it.

Under the case as made by the record, plaintiff Cook, as against Adams & Wickes, was not entitled to a lien by virtue of a contract, and both the pleadings and evidence were quite meager to entitle him to a lien against them by estoppel.

Neither the pleadings, however, nor the verdict, authorized a judgment for a lien upon the particular land against which it was enforced. The fifty acres of land against which the lien was sought was described in the petition as that "surrounding and including" the building.

It was described in exhibit A, made a part of the petition, and which was the description required by the statute to be filed in the office of the county clerk to fix and secure the lien, as "fifty acres fronting on Leon creek, in a square shape." The description contained in the judgment was wholly different; and it may be added that neither was very definite.

Again, whether a lien existed on any land as against defendants Adams & Wickes was a disputed question of fact, and the real issue as between them and plaintiff Cook, and the jury should have been required to respond to that issue. Not having done so, the court should not have enforced the lien, even had the description of the land in the judgment corresponded to that in the pleadings. May v. Taylor, 22 Tex., 348; Bledsoe v. Wills, 22 Tex., 650; Preston v. Breedlove, 45 Tex., 47.

For the errors above indicated the judgment below as against defendants Adams & Wickes is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 3, 1881.]