[Opinion delivered January 19, 1883.]

WM. BURNETT AND WIFE V. E. H. HARRINGTON AND WIFE

(Case No. 1198.)

1. JUDGMENT — VERDICT.— In a suit to enjoin the defendant from appropriating to individual use a piece of ground alleged to be a public street, the prayer was to adjudge the land as being a public street, and in the alternative that, if not a public street, it be adjudged to belong to plaintiff. The verdict was, " We, the jury, find for plaintiffs, and that it embraces the triangular tract as shown on the plat, and that it is not part of the homestead." The pleadings did not describe a triangular tract, nor did they set forth a plat of the ground. *Held*,

(1) The verdict afforded no basis for a judgment declaring the ground a street.

(2) It could not authorize a judgment adjudging the land to be the individual property of plaintiff, the description in the petition being irreconcilably conflicting, and the verdict describing the land with reference to its shape and a plot about which the petition was silent.

APPEAL from Harris. Tried below before the Hon. James Masterson.

Injunction suit by E. H. Harrington and Mary Harrington, his wife, against William Burnett and Ben McCarthy, by which they sought to enjoin them from constructing a building or any improvements on a piece of ground adjoining the western boundary line of E. H. Harrington and wife's homestead tract, to a distance of eighty feet therefrom, alleging:

1st. That the same was a street, and was originally dedicated as such by William Burnett, who was the vendor of the land to I. C. Lord, from whom E. H. Harrington and wife purchased the western portion thereof in 1873.

2d. That the same was embraced in their deed and in deed from Burnett to Lord, and that they were the owners of the same, but had always held it as a street, as dedicated by Burnett.

They alleged that the dedication of the same as a street by Burnett, and his representations to that effect, made the land more

valuable, and that it would not have been purchased by Lord or by Harrington for the same figure unless it had been a corner lot; that Burnett and Lord did agree as to the location of the west boundary line of the purchase of Lord, he, Burnett, being owner of the space of eighty feet to the west thereof, and that Lord placed his inclosure and built his fences conformably thereto, and afterwards conveyed the same to Mary Harrington, and as a consideration thereof received $2,000; that said Mary's purchase was not worth as much by $1,000 if the open space on her western boundary were used and occupied by said defendants Burnett and McCarthy; that said space was necessary for free access to their premises, and that the building proposed to be erected by Burnett and McCarthy would cut off access and obstruct the proper ventilation of air which they had from said street, and they charged McCarthy with full notice of the street and of appellees' rights.

Burnett and McCarthy demurred, pleaded general denial, and asked dissolution of injunction, and by further plea admitted ownership of the land sued for in Burnett, by purchase from W. D. and M. L. Smith; sale by Lord to Harrington, and purchase by Lord from Burnett, and set up claim to the ground in Burnett as never having been conveyed by him to Lord, and pleaded in reconvention for damages against the Harringtons, and R. P. Snelling and M. C. Wellborn, as sureties on their injunction bond.

Mrs. A. D. Burnett, joined by her husband, William Burnett, intervened and set up her homestead rights, claiming the ground as a portion of the homestead of herself and family, and alleged that if said piece of ground had been conveyed away by her husband, the same was done without her knowledge and consent, and that no conveyance or incumbrance thereon had ever been signed by her at any time.

On July 2, 1879, an interlocutory order, granting a temporary injunction as prayed for, was granted by the court, and the writ was executed on July 3, 1879.

The jury returned the following verdict: "We, the jury, find for the plaintiffs, in accordance with the deed to I. C. Lord by William Burnett, and that it embraces the triangular tract as shown on the plat, and that it is not part of the homestead."

Upon this verdict the court entered judgment, by which it was adjudged that the plaintiffs (appellees) do have and recover from William Burnett and wife the triangular piece of ground, sixty-two feet on Liberty road, and running back along Harrington's fence one hundred feet, and they were adjudged a writ of possession.

At a later date in the term, to wit, on the 29th day of November, 1879, the following corrected judgment was entered, the motion for a new trial having been heard: "It is ordered and decreed that the judgment in this case be so corrected to read as follows: That the plaintiffs, E. H. Harrington and Mary Harrington, have and recover of defendant William Burnett, and of the intervenor, A. D. Burnett, as and for a public street, the following described land, found by the verdict of the jury, to wit: The triangular piece of ground adjoining the premises of plaintiffs, beginning at the corner of the fence of plaintiffs; thence along the north side of Liberty road fifty-two (52) feet; thence in a northeasterly direction to Harrington's fence, to a point one hundred feet from Liberty road; thence along said fence to Liberty road, the place of beginning."

From this judgment, after motion overruled and notice given, the defendants and intervenor appealed.

The following errors were assigned:

1. The verdict of the jury is contrary to the law as given by the court, and especially to the second clause of the charge.

2. The verdict of the jury is contrary to the evidence.

3. The verdict of the jury is contrary to the evidence, especially in this, that the proof shows that Burnett did put down a stake or beginning point, and that such beginning point was in fact at the place where Lord put his west line and built his west fence, conformably thereto, and that said lines were actually established by Burnett and Lord, and that Harrington purchased from Lord and went into possession of the western portion of said land so laid out by said Burnett and Lord, and so taken possession of and inclosed by said Lord.

4. The verdict of the jury is contrary to the evidence, especially in this, that the evidence shows that the triangular space, the title to which was in litigation, was a part of the original homestead purchase from W. D. Smith and wife by Burnett, and was under same inclosure, and that it was the only passage way for said intervenor and her husband, said defendant Burnett, and their family from their home on the city side, and that it was necessary for the full enjoyment of the home of the family in getting from and to the house.

5. The verdict of the jury is not supported by the testimony.

6. The court erred in overruling the demurrer to the bill.

7. The court erred in correcting and reforming the judgment as entered on the verdict.

8. The court erred in reforming the said judgment as entered on

the verdict and entering a new and different judgment, on its own motion, when no motion for same was made by plaintiffs or served upon defendants or intervenor, and they had no notice thereof.

9. The court erred in entering a judgment which is not in accordance with the verdict of the jury.

10. The court erred in not granting a new trial for the reasons set up in said motion.

11. Many other errors, which of record are manifest.

*E. P. Turner*, for appellants.

*W. P. Hamblin*, for appellee.— A judgment which reaches the merits of the case will not be set aside because there was error in the charge.   Mercer *v.* Hall, 2 Tex., 287; Mansfield *v.* Wheeler, 23 Wend., 79.

WALKER, P. J. COM. APP.— The ninth assignment of errors is as follows: "The court erred in entering a judgment which is not in accordance with the verdict of the jury.".  This ground is well taken and requires a reversal of the judgment.  The plaintiffs relied on alternative prayers for relief upon the facts stated in their amended petition, as follows: "that the injunction may be perpetuated, and the said piece of land which said defendants are attempting to occupy, to wit, all the land between the westwardly fence of petitioner and the line of B. A. Shepard's land, and running back as far as petitioner's fence extends, say one hundred and fifty feet from Liberty road, may be declared a street and so adjudged; but if the court should, from all the facts, be of opinion that said piece of land is not a street, then petitioners pray to recover the same in their own right, and that they may have judgment for all costs."

The finding of the jury was not a general finding in favor of the plaintiffs upon the facts as they are alleged in the petition, and consequently the verdict does not afford a basis for rendering a decree in plaintiffs' favor on the first stated alternative prayer; and if it can be made available as a verdict to support a judgment in their favor, it must be applied to the last portion of the prayer of the petition.  The verdict finds specially certain facts, which, when considered in connection with the allegations of the petition and the prayer for relief, must be regarded as not passing upon or determining any fact essential to be ascertained in order to determine whether the disputed land had been consti-

tuted either a public or a private street.   The verdict is as follows: "We, the jury, find for the plaintiffs in accordance with the deed to I. C. Lord by William Burnett, and that it embraces the triangular tract as shown on the plat, and that it is not part of the homestead."

The boundaries of the land, as set forth in the petition under the allegations made concerning the deed in question, are irreconcilably conflicting; the petition at one time alleging that the disputed lines embrace the alleged street, and at another that the supposed street constitutes the western boundary of the lot which plaintiffs own. The verdict, therefore, does not find any fact in respect to the deed referred to, nor does it find any other fact specially in connection with the facts found in it, from which it may be adjudged that the plaintiffs are entitled to recover " for a public street, the triangular piece of ground of the plaintiffs, beginning at a corner of the fence of the plaintiffs; thence along the north side of Liberty road fifty-two feet; thence in a northeasterly direction to Harrington's fence, to a point one hundred feet from Liberty road; thence along said fence to Liberty road, the place of beginning."   See Mays v. Lewis, 4 Tex., 38; Smith v. Tucker, 16 Tex., 594; Brown v. Horless, 22 Tex., 645; McKey v. Welch, 22 Tex., 390; Hall v. Jackson, 3 Tex., 305; Denison v. League, 16 Tex., 408; Mims v. Mitchell, 1 Tex., 443.

Neither does the petition warrant the description given in the verdict of the land as being " a triangular tract as shown on the plat."   It is only through the evidence in the case that a tract of that description is known of, or that there exists " a plat " of the premises in question.   See same authorities.

The judgment, in turn, transcends the restrictions both of the pleadings and also of the verdict in nearly or quite every sentence which is employed to describe the " triangular piece of ground adjoining the premises of plaintiffs."   It must follow and be confined to the description given of the premises by the petition sufficiently, at least, to show that the premises described by the decree correspond with those embraced by the petition.

It is held in Throckmorton v. Davenport, 55 Tex., 236, which was an action of trespass to try title, that the judgment which was rendered for the plaintiff so far varying the calls of two of the lines of the land sued for as the same were described in the field notes set forth in the petition, as to adjudge to the plaintiff land which did not correspond with that which was claimed by him, was an erroneous judgment, and the error required a reversal.

In Adams & Wicks v. Cook, 55 Tex., 166, a suit to enforce a me-

chanic's lien on fifty acres of land, the premises were described in the petition as "surrounding and including" the building; an attached exhibit described the land as "fifty acres fronting on Leon creek, in a square shape." The decree in favor of the plaintiff described the land and premises as "the building and fifty acres of land surrounding the same, and having a front of one hundred yards on the east bank of Leon creek, and running back between parallel lines for quantity." Held error.

We do not see that a further consideration of the grounds of error assigned is required, the appellants making no complaint in their brief as to any view held by the court below in respect to the law applicable to the merits of the controversy, or the rules of law which ought to determine the issue.

The result of this appeal will suggest to the parties concerned the embarrassments and difficulties which must ensue on another trial of this case as it is now presented under alternative phases of fact and remedy, if tried before a jury, unless the jury are required to render a special verdict; a verdict which shall be in response to special issues, having regard to both issues which the plaintiffs present concerning the legal effect and the true boundaries under the deed from the defendants Burnett and wife to Lord, and under instructions which shall sufficiently apply, accordingly as the evidence may require it, the rules of law which govern in cases of dedication of streets to public uses, and also the rules applicable to the doctrine of estoppel.

We conclude that the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion approved January 19, 1883.]