BERTRAND MICHON V. JENNIE AYALLA ET AL.

No. 7215.

1. **Variance—Pleadings and Evidence.**—Allegations in answer were that Francoise Michon gave one-half of her estate to appellant and one-half to Donna Francoise Ayalla. The will offered in evidence by its terms gave appellant and Francoise Ayalla $400 each. It was competent to show that this was all the estate of the testatrix. *Held*, there was no variance.

2. **Will as Evidence on Question of Fraud.** — In a suit to avoid a deed on ground of alleged fraud and undue influence upon the grantor it was competent to introduce a will subsequently executed by the grantor recognizing the deed attacked.

3. **Verdict—All Issues Should be Passed Upon.**—The verdict and judgment should dispose of all the issues made in the pleadings and evidence.

4. **Construction of Deed.**—A deed duly executed among other matters contained the following: "I * * * have this day granted, bargained, sold, released, and conveyed, and by these presents do bargain * * * unto him, the said Bertrand Michon, his heirs and assigns, my right, title, and interest unto an undivided half of a certain piece of land, deriving from the estate of D. Michon, deceased, described as follows" [a description]. *Held*, that the deed conveyed the undivided half-interest in the land described.

Appeal from Kerr.    Tried below before Hon. T. M. Paschal.
No statement is necessary.

*R. H. Burney* and *W. W. Burnet*, for appellant.—1. To constitute
a fatal variance between the probata and allegata, where the pleading
does not purport to set out an instrument in hæc verba, but merely re-
fers to its substance in general terms, the misdescription must be such
as to mislead or surprise the adverse party.    McClelland v. Smith, 3
Texas, 213; Mason v. Kleberg, 4 Texas, 85; Wiebusch v. Taylor, 64
Texas, 53; Cole v. Terrell, 71 Texas, 549; Nash v. Towne, 5 Wall., 689.

2.    Appellees among other things sought to set aside and annul a
deed from F. Michon to appellant, executed May 1, 1876, and any sub-
sequent declaration or act of said F. Michon showing an intention on
her part to recognize or confirm said deed is admissible to rebut any
inference that the deed was obtained by fraud or undue influence.
Taylor v. Kelley, 31 Ala., 59; Roberts v. Trawick, 17 Ala., 55; Shailer
v. Bumpstead, 99 Mass., 112; Comstock v. Hadlyme Society, 8 Conn., 254.

3.    To set aside a deed on the ground of undue influence, it must be
shown that either threats, intimidation, importunity, or some other im-
proper means of influence resulting in moral coercion was used to pro-
cure its execution, and such influence will not be presumed from the re-
lation of the parties in case of a donation from parent to child; a forti-
ori, where made for a valuable consideration.    Millican v. Millican, 24
Texas, 428; Saufley v. Jackson, 16 Texas, 579; Brown v. Mitchell, 75
Texas, 9; Berryman v. Schumaker, 67 Texas, 312; Jenkins v. Pye, 12
Pet., 244; Ralston v. Turpin, 129 U. S., 663; Gunther v. Gunther, 69
Md., 560; Belcher v. Belcher, 10 Yerg., 121; Brick v. Brick, 66 N. Y.,
144; Barnes v. Barnes, 66 Me., 285; Dickie v. Carter, 42 Ill., 376; Mar-
shall v. Marshall, 75 Iowa, 132; 2 Greenl. on Ev., sec. 688.

4.    As there was no evidence to show that Mrs. F. Michon was in-
duced to execute the deed of date May 1, 1876, from her to appellant,
by reason of undue influence exercised over her by appellant, the ver-
dict of the jury finding the deed to be a nullity is not supported by the
evidence, and should have been set aside and appellant granted a new
trial.    Saufley v. Jackson, 16 Texas, 579; Railway v. Bracken, 59 Texas,
75; Pilcher v. Kirk, 60 Texas, 162; Moore v. Anderson, 30 Texas, 224;
Johnson v. Shaw, 41 Texas, 429; Railway v. Wallen, 65 Texas, 568;
Railway v. Schmidt, 61 Texas, 283.

5.    The verdict of the jury must be responsive to and comprehend
all the issues made by the pleadings and evidence and which are sub-
mitted by the charge of the court.    Rev. Stats., arts. 1327, 1333; Moore
v. Moore, 67 Texas, 296; Kerr v. Hutchins, 46 Texas, 388; Sayles' Pl.
and Prac., secs. 676, 682; Patterson v. United States, 2 Wheat., 221;
Warring v. Freear, 64 Cal., 54.

*Denman, Franklin & Garrett,* for appellees. — The evidence as to whether the deed was obtained by undue influence is ample to support the verdict of the jury. De Caters v. Le Ray De Chaumont, 3 Paige Chan., 178; Case v. Abeel, 1 Paige Chan., 393; Davoue v. Fanning, 2 Johns. Chan., 252; Torrey v. Bank, 9 Paige, 649; Adams' Eq., 6 Am. ed., p. 160, et seq.; 1 Story's Eq., sec. 190; Id., secs. 218, 307, 321, 322.

FISHER, JUDGE, *Section A.*—This suit was brought November 9, 1887, by appellee Jennie Ayalla, joined by her husband Jesus Ayalla, against appellant. It appears that plaintiffs intermarried in 1874, and that appellee Jennie Ayalla and appellant are the only children and heirs at law of Dominique Michon and his wife Francoise Michon. Dominique Michon died intestate March 15, 1876. Francoise Michon died January 15, 1887. The property of the deceased Michon was community property, and consisted of lands and personal property.

It is alleged by appellees in their petition that the parents died intestate, and that the property left by them has been appropriated by appellant to his use. They seek to recover of appellant the interest that Jennie Ayalla is entitled to as one of the two heirs of her parents, and ask, that as appellant has taken control of said property he be required to account for the same. It is further alleged, that after the death of their father appellant lived with their mother Francoise Michon, and that she at the time was very old and ignorant, and that her property was controlled and managed by appellant, and that he was at such time her agent and occupied toward her a trust relationship, and that he procured from her by undue influence the execution and delivery of a deed conveying to him the interest of her mother in all her property; that the consideration for said conveyance was inadequate. Appellees ask for judgment for half-interest in said property, and that the deed executed by her mother to appellant be cancelled; and if it be not done, then that she have judgment for half the consideration mentioned in said deed.

Appellant pleaded a general denial, and that his father died leaving debts unpaid, and that the personal property was applied to the payment of such debts. The remainder of his father's estate was partitioned and divided between him and appellee; that the deed executed to him by his mother was of her free will, for a valuable consideration, without any undue influence from him; that the deed conveyed to him all the interest of his mother in the property sued for. The consideration therefor was an $800 note executed by him to his mother, and in consideration that he would support his mother and a cast-off child of appellees; that his mother Francoise Michon left a will, which was properly probated, in which half of her property was left to him and half to F. Ayalla, the cast-off child; that her property then consisted only of the $800 note executed by him as the consideration for said

deed; that he has paid into the County Court of Kerr County $400—the half-interest that F. Ayalla is entitled to under the will.

The case was tried before a jury, who returned a verdict cancelling the deed executed by Francoise Michon to appellant, and judgment was accordingly rendered decreeing to appellee her interest in the lands.

On the trial below appellant offered in evidence the will, with the proper probate thereof, executed by Francoise Michon. It was objected to by appellees for the reasons: 1. Because it was irrelevant. 2. Because there were no pleadings by either plaintiffs or defendant to authorize its admission in evidence. 3. Because there was a variance between the will offered in evidence and the one set out in defendant's answer.

These objections were sustained, which is assigned as error.

The averments of the answer alleging the execution of the will are:

"Defendant, further answering, says that the said Francoise Michon did not die intestate, as alleged by plaintiffs, but that on the contrary she died testate, leaving a will, which last will and testament was duly probated by the County Court of Kerr County, at its February term, 1888; that by the terms of such will she gave to the said grandchild Francoise Ayalla one-half of her estate, and in case of her death to her brothers and sisters, with income to Jennie Ayalla, and to this defendant the other one-half."

The will offered in evidence is as follows:

"KERRVILLE, November 15, 1880.

"This is my will. I, widow Francoise Michon, being in good health and of sound mind at the time I write this my last will. I bequeath after my death to my son Bertrand Michon the sum of $400, and $400 to my granddaughter Francoise Ayalla.

"In case my granddaughter Francoise Ayalla should die, the $400 will return by right to her brothers and sisters, and in case her brothers and sisters have not attained their majority, their mother will have and enjoy the income on the same until all of the children are of age. I appoint as guardian of my granddaughter Francoise Ayalla, Bertrand Michon."

We do not think the will offered in evidence is objectionable as being at variance with the one described in the answer. The allegations of the answer are, that Francoise Michon gave one-half of her estate to appellant and one-half to Francoise Ayalla. The will by its terms gives to appellant and Francoise Ayalla $400 each. This is all the property disposed of by the will. Evidence was admissible to show that the sums mentioned in her will was all of her property at the time of its execution; and if this is shown, the will disposes of all of her estate. We think the answer declares the legal effect of the will.

The averments of the answer show that the consideration of $800 mentioned in the deed to appellant from his mother and the $800 disposed of by the terms of the will is the same amount and item mentioned in each of said instruments. Appellees in their pleading ask, that if the deed be not set aside and cancelled, then they recover from appellant the consideration mentioned in the deed that was unpaid by him. The will was admissible for the purpose of showing that Mrs. Michon, the then owner of the fund sought to be recovered, had disposed of it by giving it to another.

The will was executed after the deed that the appellees sought to cancel on the ground of undue influence. In ascertaining whether undue influence exists or has been exerted, it is important to ascertain the mental condition of the party subjected to the influence. Acts occurring before or after or at the time of the execution of the instrument, tending to throw light upon the mental condition of the party, are admissible. Acts of business relative to her estate, the manner and character of disposition made by her of her property, are very important facts to be considered in determining the mental condition of Mrs. Michon in enabling her to resist or in impelling her to yield to the influences surrounding her. We think the will was admissible for this purpose.

We think the will also admissible for another reason. If it be shown that the $800 disposed of by the terms of the will was the same sum and item mentioned as the consideration for the deed executed by Mrs. Michon to appellant, then the will has a very important bearing in determining that Mrs. Michon fully knew of the execution of the deed and understood its effect, and that she intended its execution and delivery with full knowledge thereof, as contended for by appellant.

It is assigned as error, that the verdict of the jury and the judgment of the court fails to dispose of all the material issues presented by the pleadings and evidence. Appellees in their pleadings claim an interest in certain personal property belonging to the estate of Dominique Michon and Francoise Michon. The interest of appellees in this property is denied by appellant. There was evidence tending to support the contention of each party concerning such personal property. The verdict of the jury simply cancels the deed, and the judgment only disposes of the real property. No finding or disposition is made as to the personal property. The verdict and judgment should dispose of all the issues. It is not done in this case. These issues not disposed of were not abandoned by the parties. May v. Taylor, 22 Texas, 348; Kerr v. Hutchins, 46 Texas, 389; Moore v. Moore, 67 Texas, 294.

In construing the deed executed by Francoise Michon to appellant, the court charged the jury that "the legal effect of the deed was to convey to appellant one-half of the tract of land described therein as containing two and one-half acres, and one-half of the tract of land

therein described as containing six acres, and that the legal title to one-half of the tract of land described therein as containing 22½ acres remained in said Francoise Michon, and upon her death descended to plaintiff Jennie Ayalla and appellant as her sole heirs, and you will find for plaintiff one-fourth of said 22½ acres tract."

Appellant insists that this charge was error, as it gave to the deed a wrong construction.    The deed is as follows:

"*The State of Texas, County of Kerr.*—Know all men by these presents, that I, Francoise Michon, a feme sole, of Kerr County, State aforesaid, for the consideration of the sum of $800 to me in hand paid by Bertrand Michon, of the same county and State, the receipt whereof is hereby acknowledged, have this day granted, bargained, sold, released, and conveyed, and by these presents do bargain, sell, release, deliver, and convey unto him, the said Bertrand Michon, his heirs and assigns, my right, title, and interest into an undivided half of a certain piece of land derived from the estate of Dominique Michon, deceased, described as follows, to-wit: [here follows description of 22½ acres tract]; also one undivided half-interest into a piece of land described as follows: [here follows description]; also one undivided half-interest of a certain piece of land [here follows description]; together with all and singular the rights, members, hereditaments, and appurtenances thereto belonging in anywise incident or appertaining, as far as my interest into the foregoing described land is concerned, to have and to hold my entire interest into the foregoing described property unto him, the said Bertrand Michon, his heirs and assigns, forever.    And I hereby bind myself to warrant my interest against my heirs, executors, and legal representatives unto him, the said B. Michon, his heirs and assigns, against the claims of any and all persons whomsoever claiming the same or any part thereof.

"In testimony whereof, I hereunto sign my name, at Kerrville, this 1st day of May, A. D. 1876.        "Francoise $\overset{\text{her}}{\underset{\text{mark}}{\text{X}}}$ Michon."

We think the court improperly construed the deed.    The evident purpose of Francoise Michon, gathered from the entire deed, was to transfer and convey her entire interest and title in the property mentioned.

For the errors discussed we reverse and remand the case.

*Reversed and remanded.*

Adopted May 24, 1892.