Lipscomb, J.
The first assignment cannot be sustained. It presents no ground of defense, because it presents a question that the complainant could not be called upon to take issue upon, as it shows no legal or equitable right in the defendants adverse to the title sought by the amendment to be impeached to authorize them to bring its validity in question. When called upon t.o show cause why a conveyance of the title to the certificate should not be made, it is not for them to say that they will not rescind, because the title you conveyed to us is worthless and void, and therefore we will hold on to it, although it was obtained through fraud and misrepresentation and without consideration. If any person except the Government can raise the objection ro the patent that it had issued on a headlight certificate fraudulently obtained from I he board of land commissioners, it must be by one who holds an (‘quit-able title that wotdd be paramount to all others in the event of tlie title derived from the certificate of tlie headlight being removed out of his way; and it must be in a contest in which tlie land claimed by virtue of this certificate, attempted to be attacked in a collateral way, is the subject of controversy. This is not a suit to recover the land embraced in the patent; it is to rescind a contract on the ground of fraud, and the complainant does not ask to have his title adjudged to him. When a suit is brought for the land, it will be time enough to impeach the title on the ground of fraud in its inception. It is not,however, necessary to discuss what would be the right of parties if a suit were brought for (ho land. This is not; and if the certificate is fraudulent and void, it affords no reason in this case for refusing the rescission of the contract. If tlie proposed amendment is true, the defendant has tlie less to lose by the rescission of the contract.
The second error assigned is the refusal of the court to grant a continuance. If a continuance has been refused and the party forced into a trial unprepared, and l lie verdict is against him, the correctness of the ruling of the court in refusing- [he continuance is certainly a question that can be tevised by this court. We will then inquire if the showing is such as ought to have entitled tlie defendant to a coniinuance under the circumstances of the case. Tlie affidavit *212 for a continuance states that, affiant had believed Hint the first person named in it was (lead, until vorv recently informed by Bailey Ileed that he was living and residing in Hie tj reek Nation; Unit lie,'expects lobe able, to prove by the said poison that complainant, consented to the, temporary raising the location of his hoadright from the Smithland land, and agreed'that lie would claim no interest, in the lauds located by it in Itnsk county; that there were other ¡iicttmbranc.es on the land at Smithland known to both parties, and that should defendant fail in securing' the title to Johnson, his only recourse should be for the value of the certifícate agreed to be transferred by the said Johnson (o said defendant, and such damages as might be sustained otherwise by the non-compliance, of defendants with their bond. The objection to (his showing is, first, that it is not supported by the affidavit of Heed to the informal ion alleged to have been derived from him ; that it is singularly general and inconclusive in charging Johnson with consenting to accept, compensation for the noii-fiiUillment of ihc defendant’s bond; at id affiant does not charge Johnson with having so consented or with a knowledge of other incumbrances on the Smitbland hind; audit does not state what those incumbrances were. These, facts art1 not set np in the defendant’s answer, and would not, be easily reconcilable, with the answer. And further, this was the third continuance asked for by the defendants, having twice before continued this cause. And further, if the facts were proven, it would be to sustain a contract that the policy of the laud law in .express terms had forbidden; it would have been to sustain a contract for the. sale of a constitutional headlight certificate. (See art. ItK-i, Hart. Dig.) The affidavit, is entirely insufficient in showing the materiality of the, evidence, of another witness; that affiant had not been able (o find out Ids e.vidence, and had supposed that lie had left the country, until just llien told by Mr. Jloge.rs that the witness resided in Thus county. This is not supported by the affidavit of Mr. Ilogors; and what is conclusive against its sufficiency, he. does not swear to any one material [424] fact that he expected to prove by (lie witness. Wo believe the ground shown for a continuance to bo insufficient under the. circumstances, and that, if such a showing for a continuance, should he. considered sufficient, it would he exceedingly difficult to have a trial unlil after exhausting all the subterfuges that could he resorted to in preventing such 1 rial. The party could again and again suggest that he had received information of the existence of some other witness that lie liad supposed dead. The court, therefore, did not err in refusing the continuance.
Wo will consider the fourt.li error before the third, it being more in the order we have pursued. The verdict, of the jury is said not to he responsive (o the issues, and that, it is vague and uncertain. The object in calling a jury was to inform tlie judge of the truth of the facts in controversy between (lie parties complainant and the defendants. The jury return a verdict for the, plaintiff, that is that they find the facts in favor of the plaintiff, and consequently against (lie defendants. The certainty of the verdict can easily be attained by referring to the, matters and things contained in the hill and the answer. Courts will'always sustain a verdict, and not disregard it on the ground of uncertainty, if Hie record will render it certain. This question was discussed by lilis court, in the case of Burton v. Anderson, 1 Tex. R., 93, and again in the ease of John Mays v. Lewis, 4 Tex. R., 38, in which the subject was elaborately investigaled "and the authorities examined. In that case we decided that if t,lie verdict could have been made cerfaiu by a reference to 1 lie record it would have been good, but for certainly it depended on matters of evidence before the jury and not apparent on the record, and was therefore not amendable, on which ground the judgment rendered on it was re,versed. There is no doubt about the finding in this ease, when it is referred to the subject-matter the jury were to act on in the bill and answer.
The appellants contend under their third assignment that the decree is not warranted by the finding of the jury. The
object of the bill was to annul a certain conveyance alleged to be without any consideration, and tr have been obtained through the fraudulent misrepresentsKois: $4 the defen- *213 ants, and the iacts in which the fraud consists are distinctly averred; now il these facts have been proven and found by the jury, or directly or indirectly admitted, there can be no objection to the decree on the ground of its. not being authorized by the finding of the jury. We have said before that the verdict must be referred to the bill and .answer, and it finds everything therein contained of disputed fact in favor of the complainant; and in deciding the question of the conformity of the decree we must not be confined to the verdict alone, but must have a reference to the bill and answer, and if the averments authorize the decree it must be sustained, and it is not obnoxious to the objection made, by the appellant of being not warranted by the verdict of the jury. The most material facts averred in the bill to sustain the charge of fraud on (lie part of tlie defendants in procuring the conveyance sought to be set aside is in relation to the Smithland location, and the direct and indirect admissions of the defendants go very far to sustain this charge if the facts had not been found by the jury; It is charged that at the time of the execution of the conveyance defendants represented that the headlight of one of them fór a larger quantity of land than complainant’s certificate had been made on this laud, and that it gave a better title than complainant’s. The land which formed the consideration of the conveyance, under such circumstances, was secured by blending both the title of Smith, one of the defendants, by virtue of his headlight cert ificate, and the title of complainant; and it is distinctly ‘charged that both of them had been located elsewhere, leaving the complainant without title and the defendants without ability to make it to him. The raising the headlight certificate of complainant is directly admitted and the other indirectly. as, it being charged and not denied, it is to receive the same effect as if it had been admitted. There is a most extraordinary excuse given by defendants for raising the headlight certificate of the complainant, and thus depriving- him of this additional security of his title, that it was only intended t o be temporary, and was to be replaced on the Smithland tract. What right had they to impair the title to the land complainant was to receive, from them in consideration of the conveyance of the headlight certificate? The raising this location, without the consent of complainant, was a fraud upon his rights, as it diminished his security, and this fraud was consummated by locating his own headlight, and locating that too on other lands. But what is the most marked feature, is the bold and open avowal of an act that could neither lie. justified by the laws regulating the disposition of our public land nor by the rules of sound morality. What! are they to bo sustained in the effort to keep covered over and concealed from public notice double the quantity of kind that they were authorized to locate, to the injury of all others who have a \glit to locate their claims on the public domain? Their doing- so was not only a fraud on the complainant but- was a fraud on the community, that justly deprives them of all advantage that they seek to derive from such fraudulent acts, and they could not he permitted so to hazard the rights of the complainant by an attempt of this character.
K ote 82. — Hamilton r. Rice, IB T.. 882. A verdict v.-'nk'h ip so uncertain that the court can not. give judgment upon it without looking out of the record to the evidence given upon the trial, cviJi not buppou a judgment. (Smith v. Tucker, 25 T.,594.) A verdict is sufficient if it is intelligible and can be rendered certain by reference to the pleadings. (Barton v. Anderson, 1 T., 93; McMullen v. Kelso, 4 T., 235; Rahdon v. Barton, 4 T., 289; James v. Wilson, 7 T., 230; Welle t>. Barnett, 7 T., 584; Parker v. Leman, 10 T., 110; Avery v. Avery, 12 T., 54; Galbreath v. Atkinson, 15 T., 21; Moke v. Fellman, 17 T., 307; Darden v. Mathews, 24 T., 321; Secrest-u. Jones, 30 T., 500; Loggins v. Buck, 33 T., 113; Newcomb v. Watton, 41 T., 318; Word v. Wilder, 42 T., 390.)
*213 These admissions in the answer would seem, of themselves, sufficient to sustain the decree granting the prayer of the bill; but wlieu the finding of the jury is added thereto, there cannot exist the least doubt that the decree is fully sustained.
There was no bill of exceptions and no statement of facts, and nothing presented for review but what appears upon the face of the record. The decree rescinds the contract of conveyance, and decrees that the power of attorney shall be surrendered to complainant and (he bond of the defendants shall be surrendered to them, and decrees cost, against the defendants. We can perceive no error in the decree; it conforms to the object of the bill in every respect, and it is affirmed.
Judgment affirmed.