JOHN T. GRIFFIN v. JOHN W. CHADWICK.

1. PRACTICE—OBJECTIONS TO DEPOSITIONS.—To enable this court to revise the action of the District Court in overruling objections to depositions which were read in evidence, it is necessary that the bill of exceptions contain the deposition or certificate objected to and the grounds of objection urged.
2. PRACTICE—BILLS OF EXCEPTIONS.—When objections are taken to the ruling of the District Court, which do not ordinarily form part of the record, exceptions must be taken and presented by bill of exceptions, or by the statement of facts, and all the facts and circumstances pertinent to the exceptions and necessary to enable this court to understand the questions decided by the District Court must also be set forth or shown by the record.
3. CHARGE OF COURT.—It is not error in the District Court to refuse a verbal charge asked, though otherwise unexceptionable.
4. VERDICT.—Resort may be had to the pleadings to determine the date from which interest found in the verdict for plaintiff shall be computed. When such fact can be so ascertained a verdict for a sum certain and interest is not void for uncertainty.

APPEAL from Austin. Tried below before the Hon. Livingston Lindsay.

*A. Chesley,* for plaintiff in error.

*Harris & Kleberg,* for defendant in error, cited Avery *v.* Avery, 12 Tex., 58 ; Parker *v.* Leman, 10 Tex., 116 ; Moke *v.* Fellman, 17 Tex., 368 ; Loggins *v.* Buck, 33 Tex., 119 ; Paschal's Dig., art. 216 ; Reid *v.* Reid, 11 Tex., 593 ; Chapman *v.* Sneed, 17 Tex., 432 ; Lloyd *v.* Brinck, 35 Tex., 1 ; Paschal's Dig., arts. 3735, 3742, 6826 ; Gill *v.* Campbell, 24 Tex., 405 ; Ellison *v.* Keese, 25 Tex. Supp., 83.

MOORE, ASSOCIATE JUSTICE.—The objections taken in the court below to the deposition of the defendant in error are not presented by the record in such manner as to enable us to review the action of the court overruling them. The bill of exceptions taken by the plaintiff states the grounds of his objection to the admissibility of the deposition, but it does not set forth the deposition or certificate, the insufficiency of which is mainly relied upon for the exclusion of the deposition, so as to enable us to determine whether the alleged defects in the certificate in fact exist, nor does the statement of facts set out the deposition, but properly states merely the facts found by it. The deficiency of the bill of exceptions is therefore in no way supplied by the statement of facts, if we could properly look to it for this purpose.

We find copied in the transcript, though it properly forms no part of it, what purports to be the answers of the defendant, authenticated by a certificate, which is probably the one to which exceptions were taken. But if we were at liberty to look to the deposition because copied in the transcript, though not by bill of exceptions or otherwise made a part of the record of the cause, evidently we should only do so when the entire deposition is set forth, or at least so much of it as will enable us to fully understand and con-

strue that part of it to which the exceptions refer. Here we have merely the answers of the defendant and the certificate of the officer following his signature. We cannot tell whether the deposition was taken in answer to interrogations for discovery, as authorized by the act of May 11, 1846, organizing district courts, (Paschal's Dig., art. 3748,) or on a commission and interrogatories propounded to him as an ordinary witness, under the act of May 9, 1871, to further regulate proceedings in the several courts of this State, (Paschal's Dig., art. 6826,) which unquestionably may be of importance to enable us to give the certificate in question its proper construction; neither have we the introductory part of the certificate, if there was any, with which very frequently the deposition commences, and which, in some instances, may be looked to to supply deficiencies in that part of the certificate which follows the signatures of the witnesses.

But, aside from these considerations, we are of opinion that when objections are taken to the ruling of the District Court, which do not ordinarily form a part of the record, not only must the exceptions be taken and presented by formal bill of exceptions, or (as has been held) by the statement of facts, but all the facts and circumstances pertinent to the exceptions, and necessary to enable this court to properly understand and determine the questions decided by the District Court, must also be set forth in the bill of exceptions or statement of facts, or identified and referred to therein, so as thereby to become a part of the record.

It appears from the bill of exceptions that plaintiff did not present to the court the written instructions which he insists should have been given the jury. Unless he had done so, he has no ground to complain of the failure or refusal of the court to instruct the jury as he desired, if the charges asked were otherwise unexceptionable. The court was not bound to act upon a request to give a mere verbal charge. No objection was made or exception taken to the

failure of the court to give a charge, or if any was given, that it was not in writing.

We see no defect in the verdict for which the judgment should be reversed. The only particular in which it can be said to be uncertain is as to the time from which interest is to be calculated on the principal .of the notes sued on. But this defect in the verdict is obviated by the petition, to which it has often been held resort may be had for this purpose. If it is said that the pleadings do not enable us with equal certainty to fix the date from which to compute interest on the credit as given in the judgment, we answer that the verdict does not allow interest on the credit, and certainly the plaintiff in error cannot complain that it has been given by the judgment.

The judgment is affirmed.

AFFIRMED.