# JACOB HABY v. JACOB KOENIG AND WIFE.

## SUPREME COURT, AUSTIN TERM, 1884.

*Injunction—Equity Practice.*—Equity will interpose by injunction to restrain the violation of a right to an easement, where it is made to appear that the injury would be irreparable.

*Jurisdiction.*—The District Court has jurisdiction of a suit to establish the right to an easement or private way overland, and to compel the removal of obstructions therefrom, independently of the amount of damages claimed.

*Charge.*—In the absence of a statement of facts, this court will presume that no injury resulted from any errors complained of in the charge of the court.

*Verdict.*—A verdict is sufficiently certain, if it can be rendered certain by reference to the record.

Appeal from Medina county.

## STATEMENT.

January 2, 1882, appellees brought this suit against appellant to establish their right to an easement or private way, over certain lands to compel him to remove obstructions therefrom, and recover damages for obstructing the same, claiming that Joseph Haby, deceased, had on the 21st day of November, 1854, divided among his six children his third of a league of land, that the uplands were divided into six house lots, and the valley lands into six farm lots, and had by deed of that date conveyed to each of his children, including appellant and appellee, Mrs. Koenig, a house lot and farm lot, and by the deed reserved a right-of-way or easement, along the northern boundary line of the survey ten varas wide, for the use and benefit of his children, so as to enable them to have access to their farms, and that said way had been in constant use for more than twenty-five years, when appellant wantonly and maliciously obstructed the same by fencing across the way, for the purpose and with the intent to injure them. That all access to their farm was thereby prevented to their injury, etc. They sought and obtained a preliminary injunction. Appellant moved to dissolve the injunction which was refused, and answered by general demurrer and general denial. The demurrer was overruled. April 18, 1883, the cause was tried and verdict returned and judgment rendered against appellant es-

tablishing the way, perpetuating the injunction and commanding him to remove all obstructions placed in the way by him or under his direction.

The statement of facts on motion of appellee was stricken from the record. The points made and relied on for a reversal appear in the opinion.

### OPINION.

But two grounds were assigned in the motion, for dissolving the injunction, and these were: 1. For want of equity in the bill. 2. The parties to the suit were not properly described in the bond. The first ground is certainly not well taken, the allegations in the petition show that appellees had a right to the use and enjoyment of the servitude or way in dispute; the appellant had without right, and in disregard of the just claims of appellees, wantonly and maliciously obstructed the way, for the purpose and with the intent of preventing them from going to and returning from their farm, and by reason of such obstructions that they were irreparably injured.

As to the other objection the bond fully describes the parties to the suit, Jacob Koenig and Maria Koenig are the principals in the bond, and together with the sureties acknowledge themselves "bound to pay to Jacob Haby the sum of two hundred and fifty dollars." The only defect apparent upon the face of the bond is that contained in the conditions, which is in these words, "conditioned that the said Jacob and Maria *Haby*, complainants in the above entitled and num- bered suit, will abide the decision," etc. It admits of no question but that the name *Haby*, as used, was a clerical error, and there written instead of the name *Hoenig*, by inadvertence. Besides, the names in that connection might be treated as surplusage, and the bond would still be conditioned as required by statute, (Art. 2881, R. S). In our opinion the motion to dissolve the injunction was properly overruled.

It is claimed that the District Court had no jurisdiction of the subject matter of the suit, and for that reason the court should have sustained the general demurrer to the petition. Damages to the amount of five hundred dollars was alleged to have accrued to appellees, from the wrongful, wantoe and malicious acts of the appellant in obstructing their way, and thereby precluding them from going to and returning from their cultivated lands. There is nothing upon the face of the petition which indicates that this claim for dam-

ages was improperly asserted, for the purpose of imposing upon the jurisdiction of the courts.

And again, the title or right in the land was so far involved in the suit, as to confer jurisdiction upon the District Court, independently of the amount of damages claimed. (Dauenhauer v. Divine 51, Tex. 480; Scripture v. Kent, condensed Reports by White and Willson, Sects. 1056 and 1057.)

In Anderson County v. Kennedy after a consideration of the constitutional provisions bearing upon the sub-ject it was in effect held that in cases where, under the settled rules of equity, Chancery Courts could award writs of injunction, the District Courts in this state would have the like power, without reference to the amount in controversy.

It has long been the practice in equity to interpose by injunction to restrain the violation of a right to an easement, where it was made to appear that the injury would be irreparable. (High on Injunctions Vol. 1, Sec. 848).

As there is no statement of facts in the record which can be considered, the third, fourth and fifth assigned errors, which relate to supposed errors in admitting evidence, over the objections of appellants, can not be maintained. The bills of exception taken to the several rulings admitting evidence, does not show what evidence, if any, was admitted. May v. Ferrill, 22 Tex. 340.

Appellants sixth assignment questions the correctness of the charge of the court. In the absence of a statement of facts, the presumption will be indulged that if the charge complained of is erroneous, that no injury results therefrom, and it will be considered an abstract error. (Frost v. Frost, 45 Tex. 325; Cameron v. Thompson, 12 Tex. 247; Hutchins v. Wate, 20 Tex. 7).

By the seventh assignment two propositions are presented, the first the verdict of the jury is ambiguous and would not support the decree; and second, the decree compelled appellant to open the way over the lands of other persons. Neither of these propositions is well taken, the verdict is as follows: "We the jury, find a verdict in favor of complainants for the right-of-way." It is well settled that a verdict is sufficiently certain, if it can be rendered certain by reference to the record. When a verdict is considered with reference to its sufficiency, the prime object is to ascertain what the jury intended to find, and this is to be accomplished by giving to the

verdict a liberal construction.  (Mays v. Lewis, 4 Tex. 38; Smith v. Johnson, 8 Tex. 418; Avery v. Avery, 12 Tex. 24; Pearce v. Bell, 21 Tex. 688).

When the verdict is considered with reference to the pleadings, and the issues submitted by the charge of the court, there is no ambiguity or uncertainty in the finding.

The intention of the jury to find in favor of appellees upon the real issue in the case, the right to the servitude or easement is obvious.

While the effect of the decree is to require appellant to remove from the way all obstructions there placed by him, and to restrain him from thereafter placing any obstruction whatever in the same.

No objection as to the sufficiency of the evidence to support the verdict can be considered, in the absence of a statement of facts. The rule, in such case, is that everything will be presumed to have been proved, which could have been legally established under the issues made by the pleadings.  (Bond v. Mallow, 17 Texas, 636; Collins v. Autry, 4 Texas, 371).

Though not made a question for revision it is thought proper, to call attention to an error apparent of record, not that it can affect the result in this case, but to prevent a repitition of the practice in the future.  Upon an *ex parte* application of appellees, the court below awarded a preliminary mandatory injunction, by which appellant was not only restrained from placing obstructions in the way, but commanded to remove those already there.  The court has no authority to issue such a writ without a hearing upon the facts. (Ryder v. Bentham, 1 Ves. 543; Sane y. Newdegate, 10 Ves., Jr. 192; Ackerman v. Manufacturing Co., 16 Wis., 159.)

Our conclusion is, that the judgment ought to be affirmed. Watts, J.