WILLIAM MOEHRING v. JAMES HALL.

(Case No. 5817.)

1. DAMAGES—PROOF—PRACTICE—A general allegation of damages lets in proof and warrants recovery of all damages naturally resulting from the wrongful act; the law implies such damages, and proof only is necessary to show their extent.   (Railway Company v. Curry, 64 Tex., 85.

2. SAME—PETITION—VERDICT—The better practice is to separate the actual from the vindictive damages in the petition as well as in the verdict.  But if this is not done, the petition will serve as a basis for a verdict, and the informality of the verdict cannot be taken advantage of for the first time on appeal.

3. SAME—PRACTICE—If the defendant desires separate allegations of actual and vindictive damage, he can proceed by special exception; and the amount of each kind found by the court can be ascertained by requesting that the court reduce to writing its conclusions of fact and law.

ERROR from Guadalupe. Tried below before the Hon. George McCormick.

This was an action for damages for malicious prosecution. The petition of plaintiff, James Hall, alleged that defendant, in May, 1885, complained to the grand jury of Guadalupe county and accused defendant in error of the crime of burglary and theft; that defendant in error was an honest man; that plaintiff in error maliciously contrived to injure defendant's character and to put him to expense and trouble; that he was tried by a jury and acquitted; that defendant in error expended much time and money in vindicating himself, and suffered much uneasiness and disquietude, to his damage in the sum of $3,000. It concluded with a prayer for process, for damages and for general and equitable relief. There was no prayer for actual, exemplary or punitory damages.

Defendant, Moehring, failing to appear at the succeeding term, judgment by default was rendered against him, and a writ of inquiry awarded. Subsequently, at the same term, on motion of plaintiff, this judgment was set aside, and judgment final, without a jury, was rendered for plaintiff for $3,000.

*Burges & Dibrell*, for plaintiff in error, that the petition did not support the judgment, cited: Chrisman v. Miller, 15 Tex., 159; Hall v. Jackson, 3 Tex., 305; Lammon v. Hanley, 28 Tex., 220; Menard v. Sydnor, 29 Tex., 257; Landa v. Obert, 45 Tex., 540; 3 Suth. on Damages, 704, 705; 1 Suth. on Damages, 748, 749; W. U. Tel. Co. v. Brown, 62 Tex., 536; Kaufman v. Wicks, 62 Tex., 234; Wallace v. Finberg, 46 Tex., 36; Railway Company v. LeGierse, 51 Tex., 203; Zeliff v. Jennings, 61 Tex., 458; Willson Ct. App., Civil Cases, sec. 482.

*Rust & Ehringhaus*, for defendant in error, cited: Hoggland v. Cothren., 25 Tex. 346; Cook v. Garza, 9 Tex., 362; Railway Company v. Irvin. 64 Tex., 529; Railwayy Company v. Curry, 64 Tex., 85; Sayles & Bassett's Tex., Plead. and Pr. 497; Suth. on Damages, 759, 760, 770; Belo v. Wren, 63 Tex., 727; Shook v. Peters, 59 Tex., 396; Railway Comyany v. Smith, 62 Tex. 253; Kolb v. Bankhead, 18 Tex. 228; Field v. Burton, 71 Ind., 380.

Willie, Chief Justice.—"The general allegation of damages will suffice to let in proof, and to warrant recovery of all such damages as naturally and necessarily result from the wrongful act complained of ; the law implies such damages, that is, damages of that sort, and proof only is necessary to show their extent and amount." Railway Company v Curry, 64 Tex. 85. The injuries alleged to have been received by Hall, for which he claimed damages, were the natural and proxi- mate consequences of the prosecution instituted against him by Moeh- ring. The allegations of the petition were, therefore, sufficient to let in proof of the damages claimed, and, in the absence of a statement of facts, we must presume that these allegations were proved to the satis- faction of the court.

The better practice is to separate the actual from the vindictive damages in the petition, as well as in the verdict ; but if this is not done, the former is good as a basis for a verdict, and the informality of the latter cannot be taken advantage of for the first time on appeal. The averments of the petition set forth facts sufficient to authorize a finding of both actual and vindictive damages. If the defendant wished the amount of each separately stated, he should have proceeded by special demurrer. If he wished to know how much of each kind the court found, he should have had its conclusions of law and fact put in writing, and made part of the record in the cause. Railway Company v. Smith, 62 Tex., 253 ; Belo v. Wren, 63 Tex., 727. This disposes of all the points made by the assignments of error which demand our con- sideration.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered May 14, 1886.]