## LOPEZ et al. v. GARCIA.   (No. 6370.)

(Court of Civil Appeals of Texas. San Antonio. March 31, 1920. Rehearing Denied May 5, 1920.)

1. Appeal and error ⬅748(1) — Appeal will not be dismissed for insufficiency of appellant's brief where brief has been filed by appellee.

On appeal from judgment on directed verdict, insufficiency of appellant's brief, in that the assignments are not supported by statements of fact sufficient to maintain the propositions, *held* not to require dismissal of appeal, where brief was filed by appellee, and in view of fundamental character of error.

2. Trial ⬅331.—General verdict, which can be made certain by reference to petition, a sufficient basis for judgment.

A general verdict for plaintiff, which can be made certain by a reference to the petition, will be sustained, and will form sufficient basis for a judgment.

3. Appeal and error ⬅1062(2)—Failure to submit question of damages held harmless in view of judgment rendered.

Where plaintiff alleged damages in a certain amount and the uncontroverted testimony sustained a verdict for such amount and the jury so found, court's failure to submit question of damages to jury, where the judgment rendered was for a smaller amount, was harmless.

Appeal from District Court, Starr County; V. W. Taylor, Judge.

Action by M. M. Garcia against Francisco Lopez and others. Judgment for plaintiff, and defendants appeal. Affirmed.

J. R. Monroe, of Rio Grande City, and Graham, Jones & Williams, of Brownsville, for appellants.

Canales & Davenport, of Brownsville, for appellee.

FLY, C..J. This is an action of trespass to try title, instituted by appellee, which resolved itself into a contest as to a boundary line between two grants. There was a prayer, not only for the land described, but also for $1,000 rents due on the land. The court instructed the jury, "Gentlemen of the jury, you are instructed to find for the plaintiff under the facts of this case," and the verdict was, "We, the jury in the above styled and numbered cause, under instruction from the court, find for the plaintiff." The court rendered judgment for the land, and for the sum of $355.08 "as his damages and rents."

Judgment was rendered in this case on September 18, 1919, the transcript was not filed within the time prescribed by law, but counsel for appellee agreed to the filing of the transcript after the time for filing had expired, and it was filed in this court on January 14, 1920. The cause was set for submission on March 17. 1920, and appellants notified of the date of submission at least two weeks before that date. No brief was filed by appellants until March 8, 1920, and on the same date a copy of it was placed in the hands of counsel for appellee. The brief filed is in total disregard of the rules governing in such matters. The brief filed by appellants consists of nine badly typewritten pages, barely legible, at least three pages of which are devoted to a statement of the matters contained in the pleadings in the case. The second assignment is contained in a paragraph labeled "Argument," the first two lines of which contain the assertion that the error set up in the first assignment necessitates a reversal without argument. This brief, imperfect and insufficient as it is, was filed only nine days before the date of submission, in a case containing about 100 pages in the transcript of the record and over 280 pages in the statement of facts, and involving title to 640 acres of land.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

We have made this statement in view of the fact that appellee has filed a motion to dismiss this suit for a failure to file such a brief as is required by the rules, within the time prescribed. This court would probably have dismissed the case in spite of a decision by the Commission of Appeals in the case of Harlington Land & Water Co. v. Houston Car Co., 209 S. W. 145, and which was adopted and approved by the Supreme Court, and which, while not as clear as it might be, seems to hold that when a verdict is instructed, fundamental error at once arises, and the appellate court must carefully study the statement of facts to ascertain whether the evidence was uncontroverted or not, had it not been that a brief has been filed by appellee. The assignments are not supported by statements of facts sufficient to maintain the propositions, but if the opinion in the case cited is to govern, then the errors assigned are fundamental, and require a study of the entire statement of facts. Judge Brown holds, in Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533:

"Webster defines the word 'apparent,' thus: 'Clear, or manifest to the understanding; plain; evident; obvious; appearing to the eye or mind.' This does not mean that an error which can be ascertained by looking into the record and considering the evidence may be considered without an assignment, for that would include every error which can be considered at all."

That decision seems to hold that if any assignment is filed at all, whether it is supported by any statement or proposition, it may raise a fundamental error, for "apparent upon the face of the record" is defined to be an error ascertained by looking at the "assignment itself."

[1] In view of the filing of a brief by appellee and the decisions, we have overruled the motion to dismiss, and have considered the assignments of error.

[2] The first, second, and third assignments of error assail the judgment of the court because there was a conflict of evidence on the subject of the rent, and because the verdict does not support a judgment for any rent. The only proposition under the first assignment is that the action is for land and for the rental value of the same, and that evidence was introduced on both matters, and the court gave a general instruction to find for appellee, and, the verdict, a general one for appellee, not specifying how much land or what amount of damages was intended, a judgment for certain damages could not be rendered by the court. There can be no doubt that, if the evidence as to the land and rents was uncontroverted and all in favor of appellee, the court had the power and authority to instruct a verdict in accordance with the uncontroverted evidence, and a general verdict in response to the instruction would form a sufficient basis for a judgment for all of the land and all of the rents. A general verdict for the plaintiff which can be made certain by a reference to the petition will be sustained, and will form sufficient basis for a judgment. Smith v. Johnson, 8 Tex. 418; Avery v. Avery, 12 Tex. 54, 62 Am. Dec. 513; Pearce v. Bell, 21 Tex. 688; Newcomb v. Walton, 41 Tex. 318; Griffin v. Chadwick, 44 Tex. 406; Burnett v. Harrington, 58 Tex. 359; Moehring v. Hall, 66 Tex. 240, 1 S. W. 258; Reed v. Phillips, 33 S. W. 986. The first, second, and third assignments of error are overruled.

[3] The fourth assignment of error is that the court erred in not submitting to the jury the question of the amount of damages sustained by appellee. The appellee alleged his damages at $1,000, the uncontroverted testimony sustained a verdict for that amount, and the jury so found. The court, however, rendered judgment for only $355.08 for damages, and it is clear that appellants were not injured thereby. Appellee is the only party who has cause for complaint. Not one fact is stated by appellants tending to show that the amount of the damages was an issue, or that all the testimony did not sustain a verdict for the full amount alleged in the petition.

There is no testimony tending to show that appellants made any permanent and valuable improvements on the land referred to by appellants in their brief, nor does the statement of facts show any such facts. The fifth assignment of error is overruled.

The sixth and seventh assignments of error are overruled. Appellants claim the land as a portion of survey 949, but the uncontroverted evidence shows that porciones 88 and 89 are not in conflict with survey 949; that the land included in the porciones was granted to the ancestors of appellee by the King of Spain, and were in 1852 patented by the state of Texas to those under whom appellee claims. No evidence was introduced by appellants tending to show that any part of survey 949 was located on porciones 88 or 89. Without such evidence, they had no case. The land patented by the state of Texas was shown by the evidence not to be in conflict with any land to which appellants had any semblance of claim.

The brief in this case is utterly insufficient to raise the questions herein discussed, nor do we believe that under the decision in the cited case of Houston Oil Co. v. Kimball, this court was under obligation to go into a voluminous statement of facts to discover fundamental error, and we have only been impelled to do so by the decision in Harlington Land & Water Co. v. Houston Car Co., herein cited.

The judgment is affirmed.